UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-60330-RUIZ/STRAUSS

**HENRY JACKSON,**

    Plaintiff,

v.

**WASTE PRO OF FLORIDA, INC.,**

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER came before the Court upon Plaintiff's Motion to Determine Fee Amount [DE 35] ("Motion"). I have reviewed the Motion, all related filings (including DE 38, 39, 42, and 45), and all other pertinent portions of the record. For the reasons discussed herein, I respectfully **RECOMMEND** that the Motion be **GRANTED IN PART and DENIED IN PART** and that Plaintiff be awarded attorneys' fees in the amount of **$4,892.50**.

## BACKGROUND

Plaintiff filed this Fair Labor Standards Act ("FLSA") case following the decertification of a collective action in which he was an opt-in plaintiff. *See Wright v. Waste Pro USA, Inc.*, No. 0:19-CV-62051-KMM, 2022 WL 377869, at *9 (S.D. Fla. Jan. 11, 2022) (granting decertification and dismissing claims of all opt-in plaintiffs without prejudice). At a May 23, 2022 settlement conference, the parties successfully resolved the claims in this case; however, they did not reach a resolution regarding the issue of attorneys' fees and costs. *See* [DE 27]. Therefore, the Motion followed.

## ANALYSIS

Pursuant to the Motion, Plaintiff seeks an award of attorneys' fees in the amount of $16,622.50. This sum includes $8,622.50 for the time incurred in this action and $8,000 for a portion of the time incurred in *Wright*, as Plaintiff contends that time expended by his counsel in *Wright* benefitted him (Plaintiff) in this case and is therefore recoverable. Defendant does not dispute Plaintiff's entitlement to attorneys' fees as a prevailing FLSA party – nor could it reasonably do so.[1] It does, however, contend that the Motion should be denied in its entirety due to Plaintiff's counsel's failure to comply with the conferral requirements under Local Rule 7.3. To the extent the Court does not deny the Motion on that basis, Defendant asserts that Plaintiff's fees for this case should be reduced to $1,728. As to the *Wright* fees, Defendant contends that even if its Local Rule 7.3 argument is rejected, Plaintiff should not be awarded any fees incurred in *Wright* because he failed to make a specific showing of benefit. Nonetheless, to the extent any *Wright* fees are awarded, Defendant says they should be capped at $110.

As discussed herein, I find that Plaintiff reasonably incurred attorneys' fees in the amount of $4,892.50 in this case and therefore recommend that such fees be awarded. However, I recommend that no *Wright* fees be awarded in this case largely due to Plaintiff's (undisputed) noncompliance with Local Rule 7.3's conferral requirements. While I find that such a result is appropriate for reasons discussed further below, denying the Motion in its entirety due to such noncompliance would be too harsh of a remedy.

---

[1] *See Laney v. BBB Logistics, Inc.*, 844 F. App'x 203, 207 (11th Cir. 2021) ("Section 216(b) of the [FLSA] makes fee awards mandatory for prevailing plaintiffs." (quoting *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985))); *Walker v. Iron Sushi LLC*, 752 F. App'x 910, 913 (11th Cir. 2018) ("Prevailing parties in FLSA suits are entitled to attorney's fees. The statute provides that '[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.'" (quoting 29 U.S.C. § 216(b))).

### A. LEGAL STANDARD – REASONABLE ATTORNEYS' FEES

When determining the reasonableness of attorneys' fees, courts begin by multiplying a reasonable hourly rate by the number of hours reasonably expended. *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The result of that calculation is known as the lodestar, s*ee id.* at 1301-02, which is "strongly presumed to be reasonable." *Rodriguez v. Molina Healthcare Inc.*, 806 F. App'x 797, 804 (11th Cir. 2020) (citations omitted).

The party seeking an award of fees has the burden of documenting the hours incurred and the applicable hourly rates. *Norman*, 836 F.2d at 1303 (citing *Hensley*, 461 U.S. at 437). Fee applicants are required to exercise billing judgment and to exclude entries that are excessive, redundant, or otherwise unnecessary. *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (citing *Hensley*, 461 U.S. at 434). Entries for clerical or administrative tasks should also be excluded. *See Ortega v. Berryhill*, No. 16-24697-CIV, 2017 WL 6026701, at *2 (S.D. Fla. Dec. 5, 2017) ("Purely clerical or secretarial tasks that require no legal skill or training, such as converting pleadings to PDF, faxing and mailing, updating lists and calendars, and filing or e-filing documents, should not be billed at a paralegal rate regardless of who performs them." (citing *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 553 (7th Cir. 1999))).

It is axiomatic that hours that are unreasonable to bill to one's client are unreasonable to bill to an adversary, "*irrespective of the skill, reputation or experience of counsel*." *Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301). If fee applicants fail to exercise billing judgment, courts must do it for them. *Id.* A court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an

independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (citations omitted).

Courts reviewing fee applications "need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Consequently, "[w]hen a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (citing *Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994)).

### B. REASONABLE FEES FOR THIS CASE

As discussed herein, I find that 12.7 of the 14.7 hours billed by Plaintiff's counsel in connection with this case are reasonable but that the hourly rates requested by counsel are unreasonable. The hours and rates billed for each timekeeper are as follows:

| C. Ryan Morgan | 1.7 hours | $650 |
| Paul Botros | 12.2 hours | $650 |
| Pausha Taghdiri | 0.3 hours | $400 |
| VF | 0.5 hours | $225 |

Morgan and Botros are senior level attorneys, Taghdiri is a newer attorney, and VF – who Plaintiff does not appear to discuss or identify, but who Defendant has identified as Ms. Fish – is a paralegal. Morgan and Botros have both submitted declarations [DE 35-2, 35-7] providing information regarding their background and Taghdiri's background. All three are attorneys at Morgan & Morgan, P.A., a law firm with more than 800 attorneys. Morgan is an equity partner who chairs the firm's Employee Rights Group. He and Botros, who is a senior attorney in that group, have been attorneys for 17 and 19 years, respectively. Both have substantial experience litigating FLSA cases and class and collective actions in the wage and hour arena. Taghdiri has

4

been an attorney for 5 years. He has been at his current firm for approximately 15 months and previously worked as a prosecutor, handling several jury trials in that role.

With respect to the 14.7 hours billed, *see* [DE 35-8], Defendant seeks a reduction of 5.9 hours (from the hours billed by Morgan and Botros). Defendant contends that it was unreasonable for two senior level attorneys to have performed most tasks (13.9 of 14.7 hours) when associates or paralegals could have easily performed many of those tasks, that some of the work performed by Morgan and Botros was duplicative, and that Plaintiff's counsel unreasonably billed time related to Defendant's motion to dismiss, which Defendant only filed after Plaintiff's counsel failed to comply with a court-ordered deadline to file an amended complaint.

Having reviewed all of the hours billed in this case [DE 35-8], and having considered the applicable *Johnson*[2] factors, I find that a 2-hour deduction is warranted and that the remaining 12.7 hours billed by Plaintiff's counsel are reasonable. Specifically, I have deducted the following entries (totaling 2 hours):

| 4/22/22 | 0.2 | CRM | Reviewing and analyzing motion to dismiss |
| 4/22/22 | 0.3 | PMB | Receipt & Review Defendant's Motion to Dismiss |
| 5/6/22 | 0.2 | CRM | Brief review of MTD response |
| 5/6/22 | 1.3 | PMB | Prepare, edit and revise Response to Motion to Dismiss |

---

[2] *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974). The *Johnson* factors are:

> (1) The time and labor required; (2) The novelty and difficulty of the questions; (3) The skill requisite to perform the legal service properly; (4) The preclusion of other employment by the attorney due to acceptance of the case; (5) The customary fee; (6) Whether the fee is fixed or contingent; (7) Time limitations imposed by the client or the circumstances; (8) The amount involved and the results obtained; (9) The experience, reputation, and ability of the attorneys; (10) The undesirability of the case; (11) The nature and length of the professional relationship with the client; and (12) Awards in similar cases.

*In re Home Depot Inc.*, 931 F.3d 1065, 1083 n.17 (11th Cir. 2019) (quoting *Johnson*, 488 F.2d 714). Most, if not all, of the *Johnson* factors are subsumed in the lodestar. *Id.* at 1083.

The reason I have deducted the foregoing hours is because they were only incurred as a result of Plaintiff's counsel missing a court-ordered deadline. To be sure, I agree with Plaintiff that Defendant's filing of a motion for involuntary dismissal immediately after Plaintiff's counsel missed the deadline, without first reaching out to Plaintiff's counsel to inquire regarding what was obviously an honest mistake,[3] was a somewhat overaggressive tactic. Nonetheless, because the time Plaintiff's counsel incurred in connection with reviewing and responding to the motion to dismiss would not have been incurred but for counsel missing that deadline, such time was unnecessary. As such, it would have been unreasonable to bill Plaintiff for that time, and it is likewise unreasonable to pass those fees on to Defendant. *See Barnes*, 168 F.3d at 428 (recognizing that properly exercising "billing judgment" entails excluding unnecessary hours "that would be unreasonable to bill to a client and therefore to one's adversary").

As to the remaining 3.9-hour reduction sought by Defendant, it is unclear how Defendant calculated this amount. It points out a couple *de minimis* instances of arguable duplication in the procedural section of its response, [DE 39] at 4, but the noted entries do not total anywhere close to 3.9 hours. Additionally, two of the noted entries have already been excluded as part of the 2 hours discussed in the prior paragraph, and I do not find it appropriate to exclude the other *de minimis* entries identified. As to any other time included in the reduction sought by Defendant, Defendant has failed to specifically and precisely point out such hours. *See Barnes*, 168 F.3d at 428 ("Those opposing fee applications have obligations, too. In order for courts to carry out their duties in this area, 'objections and proof from fee opponents' concerning hours that should be excluded must be specific and 'reasonably precise.'" (quoting *Norman*, 836 F.2d at 1301)).

---

[3] Plaintiff's counsel timely filed its Statement of Claim [DE 15] but not its Amended Complaint, which was due on the same date per the same Order [DE 10].

6

Deducting the 2 hours identified above, I find that the timekeepers who billed time in connection with this matter reasonably incurred the following hours:

| C. Ryan Morgan | 1.3 hours |
| Paul Botros | 10.6 hours |
| Pausha Taghdiri | 0.3 hours |
| VF | 0.5 hours |

Turning to the issue of reasonable hourly rates, I find that the requested rates are unreasonable. Because it is Plaintiff seeking an award of attorneys' fees, he has the burden of "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate." *Barnes*, 168 F.3d at 427 (quoting *Norman*, 836 F.2d at 1303). "A reasonable hourly rate is 'the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.'" *Id.* at 436 (quoting *Norman*, 836 F.2d at 1299). "The general rule is that the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed.'" *Id.* at 437 (citing *Cullens v. Georgia Dep't. of Transp.*, 29 F.3d 1489, 1494 (11th Cir.1994)).[4]

As noted above, Plaintiff contends that $650 is a reasonable hourly rate for Morgan and Botros in this matter, that $400 is a reasonable hourly rate for Taghdiri, and that $225 is a reasonable hourly rate for VF. Defendant, however, contends that these rates should be reduced to $350, $200, and $100, respectively.

As I explained in two recent cases[5] where I considered the reasonableness of partner rates sought in FLSA cases in this district, while I am aware of a small handful of cases that have

---

[4] Thus, the fact that Morgan was awarded a $750 hourly rate in California, where reasonable hourly rates are much higher than reasonable hourly rates in this market, is of no moment.

[5] *Ranieri v. Premier Fire Alarms & Integration Sys., Inc.*, No. 19-CV-60229, 2022 WL 3044769 (S.D. Fla. July 15, 2022), *report and recommendation adopted*, 2022 WL 3042249 (S.D. Fla. Aug.

awarded rates up to $450 in FLSA cases in this district, those cases are few and far between. A rate above $400 seems to be the exception rather than the rule. In fact, $375 has been considered to be "at the high end of the range of rates charged in" this district for FLSA attorneys. *Echavarria v. Am. Valet Parking*, No. 14-80770-CIV, 2015 WL 12746113, at *2 (S.D. Fla. July 1, 2015); *see also Allen v. Robert F. DeLuca, M.D., P.A.*, No. 9:18-CV-81265, 2019 WL 12265795, at *1 (S.D. Fla. Oct. 29, 2019), *report and recommendation adopted*, 2020 WL 9458729 (S.D. Fla. Jan. 2, 2020) (reducing rate of attorney with more than 40 years of experience from $420 to $350); *Vertilus v. Anglin's Beach Cafe, LLC*, No. 19-61462-CIV, 2019 WL 4139498, at *2 (S.D. Fla. Aug. 30, 2019) (reducing attorney's rate from $450 to $375). While Plaintiff has submitted an expert fee declaration stating that higher rates have been awarded in certain cases in this district, the cases identified in the declaration are not FLSA cases. In other words, neither Plaintiff nor his expert have identified any FLSA cases in this district where an hourly rate anywhere close to the requested rates have been awarded for attorneys with comparable experience, skill, and qualifications. Simply stated, they have fallen short of satisfying their burden to establish that the hourly rates sought are reasonable.

Ultimately, based on my consideration of the parties' arguments, Plaintiff's attorneys' experience, skill, and qualifications (discussed above and in the Morgan and Botros declarations), Eleventh Circuit case law and case law in this district (including cases awarding fees in FLSA cases), and my own knowledge regarding reasonable hourly rates in this market (including, specifically, in FLSA cases), I find the following hourly rates to be reasonable:

---

2, 2022); *Walker v. Grampa's Real Est. Inc.*, No. 20-CV-61557, 2022 WL 2789967 (S.D. Fla. June 29, 2022), *report and recommendation adopted*, 2022 WL 2788498 (S.D. Fla. July 15, 2022).

| C. Ryan Morgan | $400 |
| Paul Botros | $400 |
| Pausha Taghdiri | $275 |
| VF | $100 |

I agree that Morgan and Botros have above-average skill (and resources) when compared to most FLSA plaintiff attorneys with comparable experience, which is why I find $400 to be a reasonable rate for them. However, they have not shown that they should be awarded their requested rate of $650, which is far above any other rate that has been awarded in an FLSA case in this district.[6] Even their fee expert, who handles more FLSA cases in this district, but who has only practiced for 9 years, customarily seeks a rate between $350 and $400, with at least the $350 rate being awarded upon consideration of a fee motion. *See, e.g.*, *Joynt v. JW Lee, Inc.*, No. 20-61580-CIV, 2020 WL 6927637, at *4 (S.D. Fla. Nov. 6, 2020), *report and recommendation adopted*, 2020 WL 6914550 (S.D. Fla. Nov. 24, 2020) (approving requested rate of $350); *Moragomez v. Seasins LLC*, No. 20-22390-CIV, 2020 WL 6828945, at *6 (S.D. Fla. Oct. 30, 2020), *report and recommendation*, 2020 WL 6828946 (S.D. Fla. Nov. 20, 2020) (same). As to Taghdiri, a $275 rate is in line with the range of rates billed for Defendant's counsel's associates, *see* [DE 39-2] at ¶ 6, as well as the rates billed for associates employed by Plaintiff's fee expert (in FLSA cases). *See, e.g.*, *Moragomez*, 2020 WL 6828945, at *6 (approving requested rate of $225 for associates with 1-2 years of experience); *Nobles v. Electroduct, Inc.*, No. 20-60899-CIV, 2020 WL 7211695, at *2 (S.D. Fla. Oct. 13, 2020), *report and recommendation*, 2020 WL 7187771 (S.D. Fla. Dec. 7, 2020) (same). Finally, for VF, I use the $100 rate requested by Defendant because Plaintiff has

---

[6] *Cf. Pierre-Louis v. Baggage Airline Guest Servs., Inc.*, No. 19-CV-61306-RAR, 2021 WL 3710139, at *13 (S.D. Fla. Aug. 4, 2021), *report and recommendation adopted*, 2021 WL 3709265 (S.D. Fla. Aug. 20, 2021) (awarding $425 rate for two attorneys with more than 20 years of experience, noting that while they "may very well command upwards of $600.00 per hour in a commercial litigation case, the same does not apply for an FLSA case in this District").

failed to provide information regarding VF's experience and qualifications as required by Local Rule 7.3(a)(5)(A).

Based upon the foregoing, the lodestar for this matter is $4,892.50. The lodestar calculations are as follows:

| Name | Hours | Rate | TOTAL |
|---|---|---|---|
| C. Ryan Morgan | 1.3 hours | $400 | $520 |
| Paul Botros | 10.6 hours | $400 | $4,240 |
| Pausha Taghdiri | 0.3 hours | $275 | $82.50 |
| VF | 0.5 hours | $100 | $50 |
| | | | **$4,892.50** |

While the lodestar is strongly presumed to be reasonable, it "can be adjusted upward or downward based on other considerations, including the results obtained by the attorneys for their client." *Iron Sushi*, 752 F. App'x at 913 (citing *Hensley*, 461 U.S. at 434). In this vein, Defendant requests that the lodestar be reduced by 40% to account for, in Defendant's words, Plaintiff's "lack of success." [DE 39] at 14. Defendant notes that Plaintiff recovered approximately 33% of the $42,471.34 amount alleged in Plaintiff's Statement of Claim – and Plaintiff confirms that the parties settled for $14,000 (excluding attorneys' fees, which are now being separately pursued via the Motion). However, this is not an insignificant recovery, and it is one that occurred by way of a voluntarily settlement in the early stages of the case, with the added benefit of preventing further attorneys' fees from being incurred. Under the circumstances, the presumptively reasonable lodestar of $4,892.50 – which is already much lower than the $8,622.50 amount requested in the Motion (largely due to reducing the requested rates) – is plainly reasonable in this case.[7]

---

[7] Moreover, Defendant's lodestar-reduction argument is relatively perfunctory, and Defendant does not discuss any analogous cases that have permitted such a lodestar reduction under similar circumstances.

### C. *WRIGHT* FEES/PLAINTIFF'S NONCOMPLIANCE WITH LOCAL RULE 7.3

Under Local Rule 7.3(b), a fee applicant must serve a draft fee motion – that complies with Local Rule 7.3(a) – on the opposing party at least 30 days before the deadline to file the fee motion. Local Rule 7.3(b) then describes specific conferral steps that must occur. Here, however, such conferral could not occur because Plaintiff's counsel failed to serve a draft of Plaintiff's fee motion on Defendant's counsel before filing the Motion. In his Reply, Plaintiff "acknowledges that he did not satisfy Local Rule 7.3's conferral requirements" and "recognizes that it is within this Court's discretion to deny him the recovery of any attorneys' fees for his failure to strictly comply with the local rules." [DE 42] at 2; *see also J.B. Hunt Transp., Inc. v. S & D Transp., Inc.*, 589 F. App'x 930, 933-34 (11th Cir. 2014) (affirming denial of fee motion based on failure to comply with Local Rule 7.3). With that said, Plaintiff "sincerely apologizes . . . for his oversight" and requests that the Court exercise its discretion and permit Plaintiff to recover attorneys' fees. [DE 42] at 2. Given Plaintiff's recognition and acknowledgements, I have not recommended disallowing all fees sought, which would be too harsh, especially where Plaintiff and his counsel have owned up to the mistake. Nonetheless, I find that disallowing any *Wright* fees is appropriate particularly given that (as discussed herein) Plaintiff has failed to satisfy his burden of showing entitlement to any specific *Wright* fees and because conferral, if properly carried out, would have likely furthered the Court's consideration of the issue (assuming it did not lead to a pre-filing resolution). I also find it necessary for there to be some consequence for, not only the local rule violation, but counsel's misrepresentation (albeit non-willful misrepresentation) in the Motion that counsel complied with Local Rule 7.3's conferral requirements. *See* [DE 35] at 17.

Putting aside the local rule violation for a moment, Plaintiff contends that his attorneys are entitled to recover a portion of the fees incurred in *Wright* as part of their fee application in this

11

case given that the time expended in *Wright* benefitted Plaintiff in this case. In so arguing, Plaintiff relies in large part on a Sixth Circuit case. *See O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567 (6th Cir. 2009), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016). In *O'Brien*, the Sixth Circuit found in a similar context, where certain plaintiffs pursued a separate lawsuit following the decertification of a collective action, that those plaintiffs should be able to recoup at least some of the fees incurred in the decertified collective action. Specifically, the court recognized the "reality" that at least some of counsel's work in the prior action benefitted the plaintiffs and that the plaintiffs should therefore be entitled to some fees from the prior action. *See id.* at 576-77. However, the court further recognized that "absent a specific showing of benefit to [those] plaintiffs, fees cannot be recovered for expenses incurred for the claims of *O'Brien* plaintiffs who did not file suit in [the second case], nor for the claims of the lead plaintiffs in *O'Brien* who remained after the collective action was decertified." *Id.* at 577. In other words, while the court found that the plaintiffs would be entitled to recover fees where they made "a specific showing of benefit" (as the fee applicant has the burden), it also recognized that the plaintiffs would not be entitled "to the entirety of their fees" from the prior case. *Id.* at 576-77. The Sixth Circuit ultimately remanded the matter to the district court to determine a proper fee award, where it said the plaintiffs would have one more opportunity to adequately address benefit. *Id.* at 576.

Similarly here, at a broad level, it seems obvious that Plaintiff derived at least some benefit from the work done in *Wright*. After all, he obtained certain relevant discovery in that case and incurred only 8.3 hours in this case prior to the settlement conference (6.3 hours when deducting the 2 hours disallowed above). Thus, counsel was quite efficient, and such efficiency was enabled by at least some of the work done in *Wright*. At the same time, it is also clear that Plaintiff did not

receive a benefit from 100% of the work done in *Wright*.[8] Plaintiff seems to recognize this by summarizing various categories of work done in *Wright* that he contends benefitted him, while necessarily omitting others. *See* [DE 35] at 6-7. However, Plaintiff's asserted solution is to take all of the fees from *Wright* and to award him approximately 1/96 of that amount because he is one of 96 *Wright* plaintiffs who refiled their claim after dismissal of opt-in plaintiffs' claims in *Wright*.

There are two concerns for which Plaintiff must necessarily account before he can be awarded any *Wright* fees. First, there is the issue of a double recovery given that 96 other plaintiffs also refiled their cases. Plaintiff's proposal evidently accounts for this issue. Second, though, Plaintiff must make a specific showing of benefit. In other words, he has the burden of showing that fees sought are compensable. *See Barnes*, 168 F.3d at 435-36. Plaintiff's proposal, however, fails to specifically show how specific tasks in *Wright* specifically benefitted Plaintiff in this case. Rather, he proposes a straight mathematic formula that presumes that 100% of the *Wright* fees benefitted Plaintiff (and assumes that 100% of those fees are recoverable) while only making an adjustment to ensure there is no double recovery. Moreover, for the specific categories identified in the Motion – the categories Plaintiff contends benefitted him – Plaintiff does not specify the number of hours for each category. *See* [DE 35] at 6-7. Instead, he attaches all of the *Wright* fee records for the Court to sift through rather than only presenting the entries from which he contends he derived a specific benefit.

Now, there is likely no perfect method for calculating and awarding *Wright* fees in a manner that accounts for both the benefit and double-recovery issues. But there are likely one or more workable avenues that would lead to "rough justice" even if not "auditing perfection." *Fox*,

---

[8] For instance, as Defendant's Response demonstrates, while Plaintiff's claims in this case were at issue in *Wright*, other issues unrelated to Plaintiff's claims were also at issue. *See* [DE 39] at 2-3.

563 U.S. at 838. This is precisely the type of issue that should have been explored through the important conferral process outlined in Local Rule 7.3. To be sure, the parties may not have resolved the issue. However, they could have (and should have) discussed possible ways for at least some *Wright* fees to be awarded if the Court found any such award to be warranted (with Defendant preserving its position that no *Wright* fees should be awarded). Ultimately, this is an area on which a thorough conferral process should have borne fruit (even if not resolution). But that process never occurred due to Plaintiff's noncompliance with Local Rule 7.3. Therefore, based on such noncompliance, and because the mathematical formula proposed in the Motion fails to make the requisite showing of benefit as to any specific hours, I find that no *Wright* fees should be awarded under the circumstances of this specific case.[9]

## **CONCLUSION**

For the reasons discussed above, I respectfully **RECOMMEND** that the Motion [DE 35] be **GRANTED IN PART and DENIED IN PART** and that the District Court award Plaintiff attorneys' fees in the amount of **$4,892.50**.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Rodolfo A. Ruiz, II, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28

---

[9] Had Plaintiff complied with Local Rule 7.3, I would have afforded Plaintiff an opportunity to file a supplement to make a more specific showing of benefit as to specific *Wright* fees.

U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida this 13th day of September 2022.

*[signature]*
Jared M. Strauss
United States Magistrate Judge